[No. 20046.  Department One.  December 20, 1926.]

MICHAEL McMAHON *et al., Respondents,* v. CARLISLE-
PENNELL LUMBER COMPANY, *Appellant.*[1]

[1] NEGLIGENCE (11-1, 38)—DANGEROUS PREMISES—EXCAVATIONS—
EVIDENCE—SUFFICIENCY.  The negligence of the defendant in fill-
ing a pipe line ditch in a street is a question for the jury where
there was evidence that it had been filled with sod thrown criss-
cross with the grass side down and not tamped, so that, when
stepped on, plaintiff broke through, leaving a depression a foot
wide, two feet long and eight or ten inches deep.

[2] APPEAL (445)—REVIEW—HARMLESS ERROR—ARGUMENT OF COUN-
SEL.  Error cannot be assigned on counsels' reference to the
poor eyesight of a party, which was of no serious importance,
where there was no request to caution the jury.

Appeal from a judgment of the superior court for
Lewis county, Reynolds, J., entered January 16, 1926,
upon the verdict of a jury rendered in favor of the
plaintiffs, in an action for personal injuries.  Affirmed.

*Dysart & Ellsbury* and *Theodore B. Bruener,* for
appellant.

*Burkey & Burkey, J. F. O'Brien* and *H. E. Donohoe,*
for respondents.

MITCHELL, J.—This is an action to recover damages
for personal injuries suffered by Mrs. McMahon,
caused by the negligence of the Carlisle-Pennell Lum-
ber Company.  The defendant has appealed from a
judgment on a verdict in favor of the plaintiffs.

[1]  The first assignment of error arises on the re-
fusal of the court to grant appellant's motion for a
judgment notwithstanding the verdict.  The evidence
supporting the verdict was, in effect, that in the early

[1]Reported in 251 Pac. 574.

summer the appellant operated a sawmill at Onalaska, Lewis county. It owned a number of residences on the westerly side of a highway called Main street, running through the town, although at the particular place involved in this controversy it appears that the street was a county highway. For protection against fire hazard, the appellant laid a six inch water main, about two feet in the ground, along the edge of the street, and a few feet from the sidewalk abutting on the residence properties of the appellant. A few weeks after the work was completed and the ditch filled, the respondents, on visiting a sister of Mrs. McMahon, who resided in one of the residences spoken of, parked their automobile on the side of the road near the line of the water main. Upon getting out of the automobile, as Mrs. McMahon advanced two or three steps towards the sidewalk, observing the ground and seeing nothing to put her upon notice of danger, she stepped on the earth with which the ditch had been filled and broke through it, causing a depression of eight or ten inches deep about a foot wide and about two feet long, with the result that she was thrown to the ground, causing the injuries complained of.

An examination by one witness, according to his testimony, showed that the ditch at that place had been filled with ''sod thrown crisscross with the grass side down''. There was evidence on the part of some of the witnesses, who, speaking generally, testified that, on filling the ditch, the earth was tamped. However, another witness testified that he worked on that part of the job in filling the ditch where the accident happened, and that it was not tamped by himself nor anyone else. This presented an issue of fact for the jury as to the liability of the appellant, and not a case to be determined by the court as a matter of law; and

that, too, notwithstanding appellant's contention that the highway was under the jurisdiction and control of the county authorities. The negligence consisted of leaving a hidden defect in the filling of the ditch for which appellant was liable.

[2] Further assignment of error is made on account of reference by respondents' attorney in his argument to the blindness or poor eyesight of respondent Michael McMahon. Evidently the trial court considered the incident of no serious importance, and so do we. The respondent, while on the witness stand, had stated, without objection, that his eyesight was so poor he had not been able to read over his testimony at a former trial of this case. While objection was made to the remark of counsel, the trial court was in no way asked to caution or instruct the jury against it, nor to strike counsel's statement.

Finally it is claimed the verdict was excessive. Upon due consideration of the record in this respect we are not disposed to disturb the amount awarded, nor to direct a new trial.

Affirmed.

TOLMAN, C. J., MAIN, HOLCOMB, and FULLERTON, JJ., concur.